IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COMCAST OF ILLINOIS X, LLC, ) <br> an Illinois Limited Liability ) <br> Company, ) <br> ) <br>       Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> JUNG KWAK, individually and ) <br> d/b/a MATINEE TV, an unregistered ) <br> trade name, and d/b/a Outkast ) <br> Performance, an unregistered trade ) <br> name, and d/b/a UST, an unregistered ) <br> trade name; and ABENDANO ) <br> BRUCE DIN, individually, ) <br> ) <br>       Defendants. ) <br> _____ ) | CIVIL NO. 03-00962 DAE-PAL |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES

On September 8, 2010, the Court heard Plaintiff's Motion.  Annie

Freeland, Esq., and Jeffery R. Platt, Esq., who attended the hearing via telephone,

appeared on behalf of Plaintiff; Defendant did not appear at the hearing.[1]  After

reviewing the motion and the supporting declaration, the Court **GRANTS IN**

**PART AND DENIES IN PART** Plaintiff's Motion for Attorney's Fees.  (Doc.

# 167.)  The Court awards Plaintiff **$47,185.25** in attorney's fees.

_____

[1] Three calls were made in the hallway for Defendant with no response.

BACKGROUND

As the parties and the Court are very familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant Motion.

On April 5, 2010, Plaintiff Comcast of Illinois X, LLC ("Plaintiff") filed a Motion for Summary Judgment Against Defendant Jung Kwak, individually, and d/b/a MatineeTV and d/b/a Outkast Performance and d/b/a UST ("Defendant").  (Doc. # 159.)  Defendant did not oppose Plaintiff's Motion for Summary Judgment, nor did Defendant appear at the hearing on the motion on June 18, 2010, or file a response to the supplemental briefing provided by Plaintiff in support of its motion after the Court's hearing.  (See Doc. # 165.)  On July 14, 2010, this Court granted Plaintiff's Motion for Summary Judgment, awarded Plaintiff a total of $486,838.81 in damages for violations of the Cable Communications Act, 47 U.S.C. § 553(a)(1) ("CCA") and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et. seq ("DMCA"), and directed judgment in favor of Plaintiff against Defendant.  ("Prior Order," Doc. # 165.)  On July 15,

2010, the Clerk of the Court entered judgment in favor of Plaintiff against

Defendant.[2]  (Doc. # 166.)

On July 22, 2010, Plaintiff filed the instant Motion for Attorney's

Fees ("Motion").  ("Mot.," Doc. # 167.)  Defendant's opposition was due by

August 9, 2010 (see Local Rule 7-2(b)), however, Defendant failed to file any

response to Plaintiff's Motion.  Plaintiff's Motion is very brief and does not strictly

follow the mandates of the Nevada Local rules.  Due to a lack of necessary

information, the Court set Plaintiff's Motion for hearing.  Subsequently, Plaintiff

filed two affidavits in support of its Motion.  (Docs. ## 169, 170.)

On September 8, 2010, the Court held a hearing on Plaintiff's Motion.

In the hearing, the Court ordered Plaintiff to file supplemental briefing pursuant to

Local Rule 54-16(b).  (Doc. # 171.)  On September 13, 2010, Plaintiff filed a

Supplemental Affidavit of Jeffery R. Platt in Support of Plaintiff's Motion for

Attorney's Fees.  ("Platt Supp. Affidavit," Doc. # 172.)

---

[2] Plaintiff's Motion for Summary Judgment involved only Defendant Kwak
and accordingly, judgment was not entered against the other defendant remaining
in this action, Abendano Bruce Din.

## DISCUSSION

I.      Entitlement to Attorney's Fees

Plaintiff submits that it is entitled to attorneys' fees pursuant to 47 U.S.C. § 553(c)(2)(C) and 17 U.S.C. § 1201(b)(3) and (4).  (Mot. at 2.)  The Court notes from the outset, that 17 U.S.C. § 1201(b)(3) and (4) do not exist.  Instead, 17 U.S.C. § 1203(b)(4) and (5) provide that a court may, in its discretion, award costs and reasonable attorneys' fees to the prevailing party in a civil action in which a party was injured by a violation of 17 U.S.C. §§ 1201 or 1202.  In this Court's Prior Order, the Court found Defendant liable to Plaintiff under the DMCA for violations of 17 U.S.C. § 1201, and therefore, Plaintiff is the prevailing party against Defendant and eligible for attorneys' fees under the DMCA.

Under the CCA, 47 U.S.C. § 553(c)(2)(C) provides that a court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails[]" in a an action for a violation of 47 U.S.C. § 553(a)(1).  As stated above, this Court also found Defendant liable to Plaintiff under the CCA for a violation of 47 U.S.C. § 553(a)(1), and therefore, Plaintiff is the prevailing party against Defendant and eligible for attorneys' fees under the CCA.

However, as to the timing of a motion for attorneys' fees Nevada

Local Rule 54-16(a), governing motions for attorneys' fees, provides:

> Time for Filing. When a party is entitled to move for attorney's fees,
> such motion shall be filed with the court and served within fourteen
> (14) days after entry of the final judgment or other order disposing of
> the action.

See Local Rule 54-16(a).  Here, no final judgment or other order disposing of the

action has been issued.  However, regardless of whether there is a final judgment in

this case as provided by Federal Rule Civil Procedure 54(b), the Court finds that

here, a final judgment on the merits is not a condition precedent to obtaining

attorneys' fees under 47 U.S.C. § 553(c)(2)(C) so long as the party requesting such

fees is a "prevailing party."  See Hanrahan v. Hampton, 446 U.S. 754, 756-57

(1980) (per curiam).   The Supreme Court in Hanrahan stated that as to attorneys'

fees, it "seems clearly to have been the intent of Congress to permit . . . an

interlocutory award only to a party who has established his entitlement to some

relief on the merits of his claims, either in the trial court or on appeal."  Id. at 757

(describing two illustrative cases where "the party to whom fees were awarded had

established the liability of the opposing party, although final remedial orders had

not been entered.") (citation omitted).

Here, this Court directed judgment for Plaintiff against Defendant Kwak and that judgment has been entered in Plaintiff's favor.  (See Docs. # 165, 166.)  Although final judgment as to the action has not been issued by this Court, Plaintiff has established that Defendant is liable to it under the CCA and DMCA in the amount of $486,838.81.  This lawsuit was originally filed August 8, 2003 (Doc. # 1) and Defendant Kwak was added as an individual defendant on August 28, 2003 (Doc. # 24).  Plaintiff's claims against Defendant Kwak have been unresolved for long enough.  Moreover, the time for Defendant to appeal from the judgment issued against him has long since passed.  See Fed. R. App. P. 3(a)(1); Fed. R. App. P. 4(a)(1)(A).  Therefore, as per the facts of the instant case, 47 U.S.C. § 553(c)(2)(C), and Hanrahan, Plaintiff is a "prevailing party" for the purpose of awarding attorneys' fees under Local Rule 54-16.

As to this Court's discretion to award attorneys' fees under the DMCA and CCA, the Court finds that an award of attorneys' fees is appropriate here based upon the multiple violations by Defendant Kwak and the extensive litigation that resulted.  See Sony Computer Entertainment America, Inc. v. Divineo, Inc., 457 F. Supp. 2d 957, 967 (N.D. Cal. 2006) (finding an award of costs and attorneys' fees appropriate in light of willful violations).

II.     Calculation of Attorneys' Fees

Having determined that Plaintiff is the "prevailing party" and

statutorily entitled to attorneys' fees, the Court now assesses the amount of fees to

which Plaintiff is entitled.  Under federal law, reasonable attorneys' fees are

generally based on the traditional "lodestar" calculation set forth in Hensley v.

Eckerhart.  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  A

court must first determine a reasonable fee by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461

U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount

based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild,

Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the

lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the
> questions involved, (3) the skill requisite to perform the legal service
> properly, (4) the preclusion of other employment by the attorney due
> to acceptance of the case, (5) the customary fee, (6) whether the fee is
> fixed or contingent, (7) time limitations imposed by the client or the
> circumstances, (8) the amount involved and the results obtained, (9)
> the experience, reputation, and ability of the attorneys, (10) the
> "undesirability" of the case, (11) the nature and length of the
> professional relationship with the client, and (12) awards in similar
> cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar

calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir.

1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S.

557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent

may not be considered in the lodestar calculation.  See Davis v. City & County of

San Francisco, 976 F.2d 1536, 1549 & n.4 (9th Cir. 1992) (further stating that the

Dague opinion can also be read as casting doubt on the relevance of a case's

"desirability" to the fee calculation), vacated in part on other grounds, 984 F.2d

345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.

See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S.

711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

      Plaintiff requests attorney's fees only for work performed by its lead

trial counsel, Jeffery R. Platt, Esq., ("Mr. Platt") in the amount of $68,263.00.

(Mot. at 1-2.)  This amount is based upon an hourly rate of $295.00 and 231.4

hours spent in prosecution of the instant matter.  (Id. at 2; id., Affidavit of Jeffery

R. Platt ("Platt Affidavit), Doc. # 167-1 at 2.)  In support of its request, Plaintiff

submitted the affidavit of Mr. Platt, which provides a detailed list of time spent on

this action from April 2, 2008 to June 18, 2010.  (Id., Platt Affidavit at 3-7.)

Nevada Local Rule 54-16 requires that motions for attorneys' fees include a thorough and complete itemization and description of the work performed as well as a brief summary of the <u>Kerr</u> factors, including:

(A)  The results obtained and the amount involved;
(B)  The time and labor required;
(C)  The novelty and difficulty of the questions involved;
(D)  The skill requisite to perform the legal service properly;
(E)  The preclusion of other employment by the attorney due to acceptance of the case;
(F)  The customary fee;
(G)  Whether the fee is fixed or contingent;
(H)  The time limitations imposed by the client or the circumstances;
(I)  The experience, reputation, and ability of the attorney(s);
(J)  The undesirability of the case, if any;
(K)  The nature and length of the professional relationship with the client; [and]
(L)  Awards in similar cases[.]

Local Rule 54-16(b)(3).  Local Rule 54-16 further provides that "[f]ailure to provide the information required by LR 54-1 6(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion."  Local Rule 54-16(d). Although Plaintiff failed to provide the Court with all of the information required by Local Rule 54-1 6(b) in its initial motion, the Court ordered supplemental briefing as to Local Rule 54(b)'s requirements and incorporates the information contained therein into its analysis below.

Finally, Local Rule 54-16 provides that if no opposition to a motion for attorneys' fees is filed, as here, the court in its discretion may grant the motion. See Local Rule 54-16(e). However, the Court finds it necessary to determine the reasonableness of the requested hourly rates and time expended by Mr. Platt in this matter.

A.    Reasonable Hourly Rate

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Mr. Platt has practiced law in Illinois for nearly twenty years and was admitted to the Illinois bar on November 7, 1991. (See Docs. ## 169 (Affidavit of

Karie N. Wilson ("Wilson Affidavit"), 170 (Affidavit of Jonathan Owens ("Owens

Affidavit").)  Both Karie N. Wilson, a practicing attorney in Las Vegas, Nevada for

nine years and admitted to the Nevada bar on October 5, 2001, and Jonathan

Owens, a practicing attorney in Las Vegas, Nevada for eleven years and admitted

to the Nevada bar on October 12, 1999, opine that

> based on [their] experience and knowledge of the Las Vegas, Nevada
> legal market, and more specifically, the federal court practice in this
> market, that the hourly billing rate of Jeffrey R. Platt ($295.00/hour) is
> reasonable for a federal litigation attorney in the Las Vegas, Nevada
> area, given the nature of the legal work, and the years of experience of
> Mr. Platt.

(Id.)   This Court is well aware of the prevailing rates in the community for similar

services performed by attorneys of comparable experience, skill and reputation.

Based on this Court's knowledge of the community's prevailing rates, the

affidavits provided in support of Mr. Platt's hourly rate, and the Court's familiarity

with this case, this Court finds that Mr. Platt's requested hourly rate of $295.00 is

manifestly reasonable.

### B.    Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party

seeking attorneys' fees bears the burden of proving that the fees and costs taxed are

associated with the relief requested and are reasonably necessary to achieve the

results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,

636 (D. Haw. 1993) (citations omitted); Local Rule 54-16(b)(3).  The court must

guard against awarding fees and costs which are excessive, and must determine

which fees and costs were self-imposed and avoidable.  See id. at 637 (citing

INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert.

denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or

otherwise reduce, the number of hours claimed to have been spent on the case."

Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).

Time expended on work deemed "excessive, redundant, or otherwise unnecessary"

shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S.

at 433-34).

　　　　　Plaintiff submits that Mr. Platt expended approximately[3] 10 hours for

communications with opposing counsel; 88 hours for researching and drafting

motions and pleadings; 41 hours for discovery; and 93 hours on court hearings and

travel to and from those hearings.  (Mot., Platt Affidavit 3-7.)  After carefully

reviewing Plaintiff's counsel's time submissions, the Court finds that a number of

reductions are necessary.

---

　　　[3] Due to the block billing format utilized by Mr. Platt, it is not possible for
the Court to ascertain exactly how much time was spent on each task.

1.     Excessive/Duplicate Billing

Although the Court normally reduces the attorney hours for meetings, discussions, and other communications, for which multiple attorneys billed, here, Plaintiff submits only one attorney's hours, and moreover, Mr. Platt was lead trial counsel with primary responsibility for this case.  See  Brandon E. v. Dep't of Educ., State of Hawaii, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008) (stating that the general rule is that two professionals cannot bill for attending the same meeting); In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together));  See  Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 546 (E.D. Pa. 2003) (disallowing fees for mere attendance at deposition).

2.     Clerical or Ministerial Tasks

Several time entries reflect billing for clerical/ministerial work and are non-compensable.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer, 290 F. Supp. 2d at 549).   Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the

Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable. Id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or ministerial); Hawaii Carpenters Trust Funds v. Cosier Const., Inc., Civil No. CV 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw. Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); Bandalan v. Castle & Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); Black, 2010 WL 653026, at *12 (deeming clerical tasks such as traveling to court to check for form and filing complaint); Young v. Geico Indem. Co., Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).

Consequently, the Court reduces Mr. Platt's hours by two (2) hours in order to account for the eleven times Mr. Platt refers to electronically filing or

preparing for filing certain motions in this case and other ministerial tasks such as

contacting court staff for scheduling reasons or noting due dates.[4]  (See Mot., Platt

Affidavit at 3-7.)

        3.     Inadequate Entries

      Although counsel's time entries are in large part sufficiently

descriptive, there is one entry that must be excluded due to inadequate descriptions.

Local Rule 54.16(b)(1) requires that an attorneys' fees motion contain "[a]

reasonable itemization and description of the work performed."  Local Rule

54.16(b)(1).  Therefore, the Court deducts .5 hours for Mr. Platt's entry in which

he "reviewed pending matters[.]"  (Mot., Platt Affidavit at 6.)

        4.     Attorney Fees for Travel Time

      The Ninth Circuit has established that travel time and clerical tasks are

reasonably compensated at normal hourly rates if such is the custom in the relevant

legal market.  See Davis, 976 F.2d at 1543.  Additionally the Ninth Circuit has held

that while generally the relevant community is the forum in which the district court

---

[4] The Court notes that although Mr. Platt's review and preparation of discovery materials was extensive, it does not appear to be unnecessary to the Court.  Likewise, although many of the discovery tasks conducted by Mr. Platt may be delegated to a less senior attorney, the Court does not find that it was necessary to do so given Mr. Platt's role in drafting all related pleadings and motions.

sits, see Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), rates outside

the forum may be used "if local counsel was unavailable, either because they are

unwilling or unable to perform because they lack the degree of experience,

expertise, or specialization required to handle properly the case." Gates v.

Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

        As to why an attorney outside the forum was necessary, Plaintiff

cannot show that local counsel was unavailable, either because they are unwilling

to perform, due to the fact that local counsel was hired to represent Plaintiff in the

instant case along with Mr. Platt.   In support of Plaintiff's use of Mr. Platt,

Plaintiff states that litigation under the CCA and DMCA is a niche practice area

involving numerous novel factual and legal issues.  (Platt Supp. Affidavit ¶ 3(C).)

Plaintiff asserts that the skill required to litigate the instant matter include the

"ability to handle a large complex commercial litigation case involving

complicated technology and legal issues under the CCA and the DMCA."  (Id.

¶ 3(D).)  As to himself, Mr. Platt attests that he has had nearly twenty years

experience practicing law, a reputation and ability for handling cases under the

CCA and DMCA, and has successfully handled cable piracy cases for cable

television providers nationwide for over ten years.  (Id. ¶ 3(I).)  Mr. Platt also

attests that he has represented Comcast consistently since as early as 2003.

However, Plaintiff has not stated that local counsel was unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.

Moreover, Plaintiff has submitted no evidence establishing that local attorneys customarily bill their clients for travel time. Additionally, while evidence of local custom would shed some light on the appropriateness of the travel time billed by Mr. Platt for conducting Defendant's deposition, here, if local counsel was used, there would be no charges for travel time charged for travel to and from court hearings. Further, Mr. Platt has billed his full hourly rate for travel time. The Court finds that on the current record, there is no evidence supporting recovery of Mr. Platt's travel time to attend court hearings in Las Vegas, Nevada, the local forum. Plaintiff has failed to show that it was necessary to use Mr. Platt, a Chicago attorney, rather than local counsel, and therefore the Court will not award travel costs.

An attorney fee award should be reduced if claimed hours are "excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434. Accordingly, the Court shall reduce all travel time billed by Mr. Platt except for that spent conducting Defendant's deposition in California for which it is the local custom to bill clients. See Perotti v. Seiter, 935 F.2d 761, 764 (6th Cir. 1991)

(decision as to whether to compensate plaintiff's counsel for time spent in travel is within trial court's discretion in awarding attorney fees); See also Jankey v. Beach Hut, No. CV 05-3856 SVW, 2006 WL 4569361, *4 (C.D. Cal. Dec. 19, 2006) (travel time not recoverable).

Mr. Platt has submitted 77 hours in travel time to attend court hearings and preparation for and attendance at those hearings. However, due to Mr. Platt's block billing style, also addressed below, Mr. Platt has not separated out travel time from attendance at the hearings, which the Court must account for in its fee award. After carefully reviewing Mr. Platt's submission and the Court's records, the Court reduces Mr. Platt's hours by 66.5[5] hours for unnecessary travel time to attend court hearings in Las Vegas, Nevada.

5. Block Billing

Finally, the Court must reduce some of the requested hours due to "block billing." "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation

---

[5] The Court has already deducted .5 hours for one of these entries due to its inadequacy of description.

marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).  See also id. (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); see also Hensley, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).

The use of block billing here makes it difficult, if not impossible, for the Court to determine the reasonableness of the hours expended with respect to specific time entries.  Accordingly, the Court imposes an across-the-board reduction of 15% as to the entries that are in the "block billing" format.  Because Mr. Platt billed 16.3 hours in this style that have not already been reduced as above, the 15% deduction results in an hours reduction of 2.45 hours.  The Court notes that, overall, the amount of time blocked off for each set of tasks is not excessive and therefore greater reductions are not necessary.

In accordance with the foregoing, the Court finds that **159.95 hours** were reasonably expended by Mr. Platt in this action for the time period submitted.

C.      Total Fee Award

The Court is satisfied that Plaintiff has established the appropriateness of the following attorney's fees incurred in the present action, and the Court declines to adjust this amount based on the Kerr factors.  Accordingly, the Court awards Plaintiff **$47,185.25** in attorneys' fees.

## CONCLUSION

For all the reasons above, the Court GRANTS Plaintiff's Motion for Attorney's Fees and awards Plaintiff **$47,185.25** for Mr. Platt's work in prosecuting this action**.**

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, September 20, 2010.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE


Comcast of Illinois X, LLC vs. Kwak, et al., Cv. No. 03-0962 DAE-PAL; ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES